# In the United States District Court
# For the Southern District Of Georgia
# Brunswick Division

| | | |
|---|---|---|
| AVETIK MOSKONVIAN, | * | |
| | * | |
| Petitioner, | * | CIVIL ACTION NO.: CV214-123 |
| | * | |
| v. | * | |
| | * | CRIMINAL NO.: CR212-24 |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent. | * | |

## ORDER

Before the Court is Petitioner's Notice of Appeal and Request for Certificate of Appealability. Dkt. No. 19. Petitioner's Request is **DENIED**. Additionally, to the extent Petitioner seeks to proceed on appeal *in forma pauperis*, that request is also **DENIED**.

Petitioner, an inmate at the Taft Correctional Institution in Taft, California, seeks to appeal this Court's dismissal of his 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence. The Court dismissed Petitioner's action by Order dated June 12, 2015. Dkt. No. 17. Petitioner now seeks to appeal this decision to the Eleventh Circuit Court of Appeals and requests a Certificate of Appealability.

AO 72A
(Rev. 8/82)

Under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Additionally, an appeal cannot be taken in forma pauperis if the trial court certifies, either before or after the notice

of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cnty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an in forma pauperis action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1-2 (S.D. Ga. Feb. 9, 2009).

Based on the analysis of the Petitioner's action as laid out in the Magistrate Judge's Report and Recommendation, Dkt. No. 8, and this Court's Order adopting the same, Dkt. No. 17, Petitioner's claims are without arguable merit either in law or fact. Consequently, the appeal is not taken in good faith, and the Court hereby **DENIES** Plaintiff leave to appeal *in forma pauperis*. 28 U.S.C. § 1915(a)(3). Additionally, applying the certificate of appealability standards laid out above, the Court

AO 72A
(Rev. 8/82)

3

discerns no issues worthy of a certificate of appeal.

Therefore, the Court **DENIES** the issuance of a certificate.

SO ORDERED, this ___3___ day of ___September___, 2015.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA